AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | | |
|---|---|---|
| United States of America<br>v.<br>Hilda Barrientos-Morales<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) | Case No. 9:17 mj 27 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 3, 2017__ in the county of __Beaufort__ in the _____ District of __South Carolina__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. 1324 | Bringing in and harboring aliens |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher Neville, Special Agent HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 3, 2017

_____
*Judge's signature*

City and state: Charleston, South Carolina

Mary Gordon Baker, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I.   INTRODUCTION

I, Christopher Neville, being duly sworn, depose and state:

This affidavit contains information in support of an application for an arrest warrant and criminal complaint charging Hilda BARRIENTOS-Morales and Celestino BRUNO-Flores with conspiring to induce, bring and harbor illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(iii), and (a)(1)(B)(i).

1.   I am a Special Agent with U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been employed in this capacity since June, 2007. I am currently assigned to the HSI office in Charleston, South Carolina. As part of my employment with ICE/HSI, I received criminal investigations training from the Federal Law Enforcement Training Center (FLETC). My duties and responsibilities as an ICE/HSI Special Agent include conducting investigations related to the enforcement of immigration, customs and other violations against the United States, which also includes enforcement of administrative violations under the Immigration and Nationality Act (INA).

2.   The facts and information contained in this affidavit are based on my personal knowledge, as well as on the observations of other agents and officers involved in this investigation. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the government.

3.   On February 3, 2017, HSI Special Agents were assisting the Federal Bureau of Investigations ("FBI") with an investigation related to the Labor trafficking of a suspected Mexican foreign national in Hilton Head Island, SC. During the course of their investigation, FBI obtained a search warrant for the Tienda y Tortilleria San Jose, LLC ("Tienda y Tortilleria")

located at 120 Arrow Road in Hilton Head Island, South Carolina. Agents executed the search warrant on February 3, 2017.

4. During the course of the investigation and execution of the aforementioned search warrant, HSI agents encountered Griselda LEYVA-Perez at the Tienda y Tortilleria. While being interviewed, LEYVA-Perez made statements admitting that she was a citizen and national of Mexico and had entered the United States illegally, at a place other than designated by the Secretary of Homeland Security and without being inspected by an Immigration Officer.

5. LEYVA-Perez stated that she had been in contact with BARRIENTOS-Morales, while she was still in Mexico and prior to arriving into the U.S., to discuss arrangements involving her being brought to the U.S. for her to work. LEYVA-Perez stated that arrangements related to the cost of her being brought, or smuggled, was $7,500.00 dollars. LEYVA-Perez understood that she would come and work for BARRIENTOS-Morales while also paying back the cost related to her smuggling or transportation fee.

6. LEYVA-Perez explained that after crossing the river and entering the U.S. illegally near Rio Grande, Texas, she was met by an unknown individual who then transported her to the Tienda y Tortilleria in Hilton Head, SC. LEYVA-Perez stated that she recalled departing San Antonio, TX at night and arriving at the Tienda y Tortilleria around 6:00 A.M. During the course of her travel to South Carolina, an unknown driver placed a phone call to BARRIENTOS-Morales. Upon arrival to the Tienda y Tortilleria, LEYVA-Perez stated that both Hilda BARRIENTOS-Morales and Celestino BRUNO-Flores were present at the business. LEYVA-Perez stated that she then observed BARRIENTOS-Morales pay money to the driver. BARRIENTOS-Morales told LEYVA-Perez that she paid the driver $7,500.00 for bringing her.

7. LEYVA-Perez is currently employed as a cook by Hilda BARRIENTOS-Morales and Celestino BRUNO-Flores at the Tienda y Tortilleria on Hilton Head Island and stated she is paid $500.00 per week in cash. LEYVA-Perez stated that she never had to complete any employment documents while employed at the business.

8. LEVYA-Perez informed that she still owes the owners part of the fee for being brought to Hilton Head. LEVYA-Perez added that she has paid $2,500.00 of her cost to be brought to BARRIENTOS-Morales.

9. LEVYA-Perez stated that she was also told during a discussion with BARRIENTOS-Morales and BRUNO-Flores that she needed to pay what was owed or that they would call the police.

10. On February 3, 2017, during the execution of the search warrant, agents encountered Martin VARGAS-Gutierrez at the Tienda y Tortilleria. FBI agents who subsequently interviewed him provided that following information.

11. VARGAS-Gutierrez stated that he is from Mexico and had arrived to the U.S. approximately ten years ago. VARGAS-Gutierrez informed that he was also employed by BARRIENTOS-Morales and BRUNO-Flores at the Tienda y Tortilleria and has worked for them for approximately 10 years, at the business locations in both Savannah, Georgia and then at the business location in Hilton Head Island, South Carolina.

12. VARGAS-Gutierrez stated that around June 2015, BRUNO-Flores caused his transportation from Savannah, Georgia to Hilton Head Island, South Carolina to continue his employment. VARGAS-Gutierrez stated that he does not drive, he cannot drive, and is driven everywhere by BRUNO-Flores and BARRIENTOS-Morales primarily, among others.

13.   VARGAS-Gutierrez has always been paid $500.00 a week in cash. Starting in June 2015, VARGAS-Gutierrez was still paid $500.00 cash, however, BARRIENTOS-Morales and BRUNO-Flores kept $400.00 to pay off a debt owed from money stolen from the business. Beginning in July 2016, he was still paid $500.00, but BRUNO-Flores and BARRIENTOS-Morales retained $300.00. VARGAS-Gutierrez informed agents that he has never been asked to complete any documents related to his employment at the business.

14.   VARGAS-Gutierrez also informed that BARRIENTOS-Morales and BRUNO-Flores knew he was illegally in the U.S. because he was referred to them by a friend who had notified them that he was arriving to the U.S. and would be needing a job.

15.   VARGAS-Gutierrez stated that he has been living with BARRIENTOS-Morales and BRUNO-Flores at their residence – 400 William Hilton Parkway, Apartment 78, Hilton Head, SC.

16.   Based on DHS indices, no records were found to indicate that VARGAS-Gutierrez or LEVYA-Perez had lawful status in the United States.

17.   Based on the above information, there is probable cause to believe that BARRIENTOS-Morales and BRUNO-Flores conspired to unlawfully induce, harbor and knowingly transport and move aliens within the United States by means of transportation and otherwise in furtherance of knowing and in reckless disregard of the fact that the aliens had come to, entered, and remained in the United States in violation of the law, in furtherance of the aliens' violation of the law and for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), and 1324(a)(1)(B)(i).

18.   I respectfully request that the Court issue a warrant for the arrest of the above mentioned

subject for the above described violation.


This affidavit was reviewed by AUSA Emily Limehouse.

_____
Christopher Neville, Special Agent
U.S. Immigration & Customs Enforcement
Homeland Security Investigations


Subscribed and sworn to before me
this ___3d___ day of February 2017.

_____
Mary Gordon Baker
United States Magistrate Judge

5